UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL JONES,<br><br>                  Plaintiff<br><br>   v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                  Defendants | Case No.  2:20-cv-01450-RFB-NJK<br><br>**ORDER** |

      Plaintiff, who is incarcerated at Clark County Detention Center, commenced this action with an incomplete *pro se* civil rights complaint filed under 42 U.S.C. § 1983.  On August 7, 2020, this Court issued an order directing Plaintiff to file a signed amended complaint and denying the Plaintiff's application to proceed *in forma pauperis*, without prejudice, because the application was incomplete.  (ECF No. 3 at 3-4).  The Court ordered Plaintiff to file a signed amended complaint and a complete application to proceed *in forma pauperis* or pay the full filing fee of $400 on or before October 6, 2020.  (Id. at 3).  Plaintiff failed to comply with the Court's order.

      District Courts have inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.  Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (affirming dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (affirming

dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring Plaintiff to file a signed amended complaint expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff does not file a signed amended complaint on or before October 6, 2020, the Court will dismiss this action without prejudice for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff is able to file a signed amended complaint." (ECF No. 3 at 3). Additionally, the Court's order requiring Plaintiff to file another application to proceed *in forma pauperis* or pay the full $400 filing fee on or before October 6, 2020 expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents, or pay the full $400

filing fee for a civil action on or before October 6, 2020, the Court will dismiss this action without prejudice for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff either has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the full $400 filing fee." (Id. at 4).  Therefore, the Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice based on Plaintiff's failure to file a signed amended complaint and another application to proceed *in forma pauperis* or pay the full $400 filing fee in compliance with this Court's order dated August 7, 2020.

IT IS FURTHER ORDERED that the Clerk of Court will close the case and enter judgment accordingly.  IT IS SO ORDERED.

DATED: October 16, 2020

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE